IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BOYD and | : | CIVIL ACTION |
| PAMELA BOYD, H/W, | : | |
| Plaintiffs, | : | NO. 10-5978 |
| | : | |
| v. | : | |
| | : | |
| ALLIED PROPERTIES and | : | |
| CONCORD MALL, | : | |
| Defendants. | : | |

**MEMORANDUM**

**JONES, II, J.**                                                                                                                 April 15, 2011

Plaintiffs Scott and Pamela Boyd bring this action against Defendants Allied Properties and Concord Mall, alleging injuries from a fall sustained at the Concord Mall in Wilmington, Delaware. Defendants have filed a motion to dismiss Plaintiffs' Complaint on two grounds: (1) as to Concord Mall for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2);[1] and (2) as to both Defendants due to a pending Delaware state court action arising out of the same incident (the "Delaware Action"), pursuant to Rule 12(b)(6). (Dkt. No. 5 ("Motion")). For the reasons set forth below, I will grant Defendants' Motion.

**I.    BACKGROUND**

On November 4, 2010, Plaintiffs filed their Complaint in this matter based on diversity jurisdiction, claiming injuries suffered when Plaintiff Scott Boyd, a patron at Concord Mall, stepped

---

[1] Defendants initially moved to dismiss the Complaint as to Allied Properties for lack of personal jurisdiction as well. However, Defendants subsequently advised the Court that the parties agreed that Allied Properties does indeed conduct business in Pennsylvania such as to provide personal jurisdiction, and Defendants requested to withdraw their Motion on that ground. On January 28, 2011, the Court issued such a withdrawal order. (Dkt. No. 7.)

1

into a hole in the Mall's floor. (Compl. ¶¶ 7-9). Plaintiffs served this Complaint upon Defendants by certified mail on December 14, 2010 in Delaware.

A day after filing this action, Plaintiffs filed an identical action against these same defendants in the Superior Court of the State of Delaware, New Castle County. (Ex. C to Motion.)

Concord Mall is a limited liability corporation existing under the laws of the State of Delaware. *Id.* ¶ 5.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(2)

Rule 12(b)(2) provides for dismissal for lack of personal jurisdiction. Once a defendant has raised lack of personal jurisdiction as a defense, the burden to prove that jurisdiction exists in the forum state lies with the plaintiff; a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). However, a plaintiff must show "with reasonable particularity" enough contact between the defendant and the forum as to support a *prima facie* case in favor of the exercise of personal jurisdiction by the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1986); *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Thus, a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, *i.e.*, whether *in personam* jurisdiction actually lies." *Clark v. Matsushita Elec. Indus. Co., Ltd.*, 811 F. Supp. 1061, 1064 (M.D. Pa. 1993) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

### B. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949; a*ccord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

## II. DISCUSSION

### A. Personal Jurisdiction

Pursuant to Rule 12(b)(2), Defendants argue that Plaintiffs have failed to properly allege this Court's personal jurisdiction over Concord Mall because Plaintiffs have not alleged sufficient contacts between the Mall and the Commonwealth of Pennsylvania. Under Rule 4(e), this Court is permitted to exercise personal jurisdiction over a nonresident to the extent allowed under Pennsylvania law; Pennsylvania retains personal jurisdiction over nonresidents to the

3

fullest extent permitted by the United States Constitution. 42 Pa. C.S. § 5322(b). As such, it reaches as far as the Due Process Clause of the Fourteenth Amendment allows. When analyzing personal jurisdiction under the Due Process Clause, the United States has long applied the "minimum contacts" test. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945). The defendant must be shown to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum-contacts test requires satisfaction of two prongs: first, the Court looks at the nature of the contacts with the forum, and then, second, it considers the fairness of exercising jurisdiction over the defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

When the issue of personal jurisdiction is raised, it is incumbent upon the plaintiff to show either that "the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic contacts' with the forum state (general jurisdiction)." *Mellon Bank (East) PSFS v. Diveronica Bros. Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (quoting *Bane v. Netlink, Inc.*, 925 F.2d 637, 639 (3d Cir. 1991)). Plaintiffs have provided no set of facts from which the Court could infer that the Mall has the systematic and continuous contacts with Pennsylvania necessary to establish general jurisdiction. Therefore, whether this Court has personal jurisdiction turns on whether the Mall's interaction with Plaintiffs is sufficient to establish the minimum contacts necessary to show specific jurisdiction.[2]

---

[2]"A three-prong test has emerged for determining whether the exercise of specific personal jurisdiction is appropriate: (1) the defendant must have sufficient minimum contacts with the forum state, (2) the claim asserted against the defendant must arise out of those contacts,

*See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (plaintiff must show that defendant's activities with the forum state are "such that he should reasonably anticipate being haled into court there"). Here the incident in question occurred in the Mall, which is located in Delaware; indeed, Plaintiffs filed their identical state court action in Delaware as well. Defendants further claim that the Mall does business only in the state of Delaware, where it is incorporated. In response, Plaintiffs do not point to even one interaction between the Mall and the Commonwealth of Pennsylvania.³ Consequently, the Court finds that it lacks personal jurisdiction over Concord Mall and must dismiss this action as to the Mall.

B.  **Identical Pending Action in Delaware State Court**

In addition to the jurisdictional defect, Defendants urge the Court to dismiss the entire action in light of the identical action pending in Delaware state court. Under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), a district court may dismiss or stay an action where, as here, a parallel action proceeds in state court.⁴ However, such a dismissal or "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. It has never been the case that "a federal court should exercise its judicial discretion

---

and (3) the exercise of jurisdiction must be reasonable." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1122-23 (W.D. Pa. 1997).

³In their opposition to Defendants' Motion, Plaintiffs focus exclusively on Allied Properties' Pennsylvania contacts. (Dkt. No. 6 at 7.) However, as discussed above, the parties now agree that this Court maintains personal jurisdiction over Allied Properties; the motion to dismiss on jurisdictional grounds has been withdrawn as to Allied Properties. *See supra*, n.1.

⁴ Plaintiffs do not dispute that the parties, the negligence claim and the underlying incident are precisely the same in both the instant suit and the Delaware Action. *See Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994) ("Generally, cases are parallel so as to justify abstention [or dismissal] when they involve the same parties and claims.").

to dismiss a suit merely because a State court could entertain it." *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 361 (1951). In determining whether "exceptional circumstances" exist such as to justify dismissal in the face of a parallel action, the Court must consider:

> (1) Which court first assumed jurisdiction over property involved, if any;
>
> (2) Whether the federal forum is inconvenient;
>
> (3) The desirability of avoiding piecemeal litigation;
>
> (4) The order in which the respective courts obtained jurisdiction;
>
> (5) Whether federal or state law applies; and
>
> (6) Whether the state court proceeding would adequately protect the federal plaintiff's rights.

*Williams v. Gilkey*, No. 95-4598, 1995 WL 574342, at *2 (E.D. Pa. Sept. 26, 1995) (quoting *Trent*, 33 F.3d at 225). No one factor outweighs all the others. *Colorado River*, 424 U.S. at 818-19. However, this Circuit has noted that "[t]he principal reasons to abstain, once abstention has been found to be possible, are to avoid piecemeal litigation and to adjudicate state-law issues in state court." *Trent*, 33 F.3d at 225 (internal citation omitted).

None of the parties even raises *Colorado River* or *Trent* in briefing the dismissal question. However, as their shared doctrine remains essential to the question before the Court, we have reviewed each of the above considerations and find that they do indeed favor dismissal of the instant action. Plaintiffs' negligence claim is strictly a state law claim and should be litigated in state court. Piecemeal litigation is entirely possible if this Court retains jurisdiction over this action. *See Gilkey*, 1995 WL 574342, at *2 (if federal action were allowed to proceed, identical issue of dental malpractice would be before state and federal courts, leading to

duplicative efforts on the courts' parts and possibly different results). A decision reached by one court might bind the parties in the other court. Indeed, "[t]his circumstance has the potential to yield the unseemly result of one party trying to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in his favor will decide a particular issue first." *Id.* As the *Trent* court noted, "it makes more sense to resolve common issues in a setting which will dispose of the most claims." *Trent*, 33 F.3d at 225. Here, it makes more sense to resolve all of Plaintiffs' claims against all Defendants in state court at once. *See Gilkey*, 1995 WL 574342, at *2.

With regard to the other *Trent* factors, Plaintiffs' rights would be as well protected in state court as here, given that Plaintiffs assert only state-law claims; in fact, they would be better protected in that Plaintiffs may still proceed against Concord Mall in the Delaware Action. There is no property involved in either action. As Plaintiffs filed the Delaware Action one day after filing the instant suit in this District, there is a negligible difference in progress between the two litigations. And while this federal forum is not inconvenient, "'th[at] alone, even given the obligation federal courts have to exercise their jurisdiction, cannot justify a decision to exercise jurisdiction when the countervailing factors weigh so heavily in favor of abstention.'" *Id.* (quoting *Trent*, 33 F.3d at 225).

Plaintiffs suggest no grounds or precedent for this Court to retain the instant lawsuit, other than to repeat that they consider the Delaware Action to be a "saving action" and that they are amenable to withdrawing the Delaware Action should the Court retain jurisdiction over the federal suit. However, for the reasons set forth above, the Court finds that (1) it does not have

7

personal jurisdiction over Defendant Concord Mall; and (2) consequently, it chooses to use its discretion to refrain from exercising jurisdiction over Defendant Allied Properties.

The Court will therefore grant Defendants' Motion. An appropriate Order follows.